**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DINO CLARK, a single man, | CV 07-1864-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| COUNTRY CASUALTY INSURANCE COMPANY, an Illinois Corporation, dba Country Insurance & Financial Services; COUNTRY MUTUAL INSURANCE COMPANY, an Illinois Corporation, dba Country Insurance & Financial Services; COUNTRY PREFERRED INSURANCE COMPANY, an Illinois Corporation, JOHN and JANE DOES I-V; BLACK and WHITE CORPORATIONS VI-X; ABC PARTNERSHIPS XI-XV, Defendants. | |

Pending before the Court is Dino Clark's ("Plaintiff") Memorandum in Support of Plaintiff's Motion for Attorneys' Fees and Related Non-Taxable Expenses and Country Preferred Insurance Company's ("Defendant") Motion for Award of Attorneys' Fees and Costs. For the reasons discussed below, the Court denies both motions.

**I.    BACKGROUND**

In 2007, Plaintiff reported his vehicle, a 2003 Mercedes Benz S500, stolen. At that time, Plaintiff's vehicle was insured by Defendant. After the theft, Plaintiff submitted a claim to Defendant to recover the value of the insured vehicle. Following an investigation,

Defendant denied Plaintiff's claim and later re-affirmed its denial after receipt of additional information submitted by Plaintiff's counsel. Defendant claimed that the theft as reported by Plaintiff was unlikely or highly questionable and thus not eligible for reimbursement. (Doc. 123 at 3)

As a result of Defendant's denial of Plaintiff's insurance claim, Plaintiff filed a lawsuit against Defendant for breach of contract, bad faith, negligent and intentional infliction of emotional distress, and punitive damages. On April 30, 2009, Defendant petitioned the Court to summarily dismiss Plaintiff's claims for bad faith, negligent and intentional infliction of emotional distress, along with a claim for punitive damages. The Court granted Defendant's motion on those claims, leaving a single issue, breach of contract, to proceed to a jury trial.    Prior to commencement of the trial, Defendant served upon Plaintiff a Rule 68 Offer of Judgment in the sum of damages equivalent to that stipulated by both parties in the verdict form. (Doc. 80, 81, 93) As a condition of the offer, Plaintiff had to surrender his right to appeal. Plaintiff subsequently rejected Defendant's offer and the case proceeded to trial. On May 7, 2010, the jury returned a verdict in favor of Plaintiff, awarding him the requested sum of damages, which amounted to the value of the stolen vehicle. (Doc. 127 at 3)

Because both parties were successful in part, each party sought to recover its attorney fees and costs, at least in proportion to their success in the case. On July 9, 2010, Plaintiff filed a Memorandum in Support of Plaintiff's Motion for Attorneys' Fees and Related Non-Taxable Expenses pursuant to sections 12-341 and 12-341.01. On the same day, Defendant filed a similar motion requesting a recovery of its own attorney fees.

## II. DISCUSSION

### A. *Awarding Attorney Fees under Arizona Law*

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). There is no dispute between the parties that this case arises "out of a contract."

- 2 -

1 Rather, the dispute revolves around which party is entitled to an award of attorney fees and
2 to what extent. Therefore, the Court must first resolve which party is the "successful party"
3 within the meaning of A.R.S. § 12-341.01(A). The Court must then determine whether
4 awarding fees to the successful party in this case is appropriate. Finally, the Court must
5 ascertain the reasonableness of the amount of fees that the prevailing party seeks.

6 **1.    Successful Party Status**

7 The Court has sole discretion when pinpointing the successful party in a case.
8 *Sanborn v. Brooker & Wake Prop. Mgmt.*, Inc., 874 P.2d 982, 987 (Ariz. Ct. App. 1994).
9 Under Arizona law, to determine whether a given party is a successful party in a multiple-
10 claims case, the Court may consider the "totality of the litigation." *Schwartz v. Farmers Ins.*
11 *Co.*, 800 P.2d 20, 25 (Ariz. Ct. App. 1990); *Nataros v. Fine Arts Gallery of Scottsdale, Inc.*,
12 612 P.2d 500, 505 (Ariz. Ct. App. 1980).

13 Here, we have multiple claims and varied results as to each claim. While Defendant
14 successfully obtained summary judgment on Plaintiff's claims for bad faith, negligent and
15 intentional infliction of emotional distress, and punitive damages, Plaintiff won the jury trial
16 verdict on the remaining breach of contract claim. Plaintiff argues that he is the prevailing
17 party because he succeeded on the "core issue" without which the other claims would not
18 arise. (Doc. 119 at 6) Conversely, Defendant argues that it is the prevailing party because
19 (1) it succeeded on most of the claims brought against it, (2) it succeeded on the claims for
20 which the amount of potential recovery overshadowed the relief warranted by the breach of
21 contract claim, and (3) it succeeded on the claims that entailed a larger portion of the total
22 billable hours. (Doc. 123 at 2) Defendant also points out that the damages awarded by the
23 jury amounted to the exact sum stipulated by both parties in the verdict form and offered by
24 Defendant to Plaintiff prior to trial to settle the case. (Doc. 123 at 4)

25 Based on the totality of litigation, the Court concludes that Defendant is the prevailing
26 party in this case. Evaluating the case as a whole, a large portion of time and money was
27 spent on claims that promised to bring the greatest reward to Plaintiff and the most damage
28 to Defendant. However, these claims lacked sufficient merit to survive a motion for

- 3 -

1  summary judgment. At the same time, Plaintiff's sole claim to victory can hardly be called
2  a huge success. Plaintiff did not receive an award of damages that exceeded the amount
3  offered to him prior to the trial. The only thing that Plaintiff secured above and beyond
4  Defendant's settlement offer was the right to appeal the case. While the right to appeal is not
5  a trivial matter, it is insufficient to overcome Defendant's claims to overall success in the
6  case. Accordingly, Defendant is the successful party within the meaning of A.R.S. § 12-
7  341.01.

### 2. **Appropriateness of Attorney Fee Award**

The Court must now determine if awarding fees under A.R.S. §12-341.01(A) to Defendant is appropriate. Prevailing party status does not automatically confer the right to attorney fees; rather, the trial court has discretion on this matter. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985). To ascertain the prevailing party's entitlement to an award, the court must consider six factors: (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and whether such claim or defense has previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney fees. *Ad Hoc Comm. of Parishioners of Our Lady of the Sun Catholic Church, Inc. v. Reiss*, 224 P.3d 1002, 1015 (Ariz. Ct. App. 2010). No single factor is determinative of the outcome; instead, the Court must weigh all of the factors to properly exercise its discretion to award relief to the prevailing party. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

First, Plaintiff originally brought several claims against Defendant. The majority of Plaintiff's claims did not survive summary judgment. However, the jury found in Plaintiff's favor on the remaining claim, which was the catalyst for the suit. In fact, the jury awarded

1 Plaintiff damages in the sum of Plaintiff's entire insurance claim prior to the filing of this
2 lawsuit.  Beyond mere doubt as to the theft's cause, Defendant did not have sufficient
3 evidence to support the denial of Plaintiff's insurance claim.  The verdict indicates that
4 Plaintiff was justified in seeking a recovery of the full amount of the claim, as covered by his
5 insurance policy.  Therefore, because both parties had merit on some claims or defenses and
6 lacked merit on other claims or defenses, the Court finds that this factor does not militate in
7 either direction.
8     Second, Defendant attempted to settle the case prior to trial.  Plaintiff rejected
9 Defendant's offer, without presenting alternative terms or amount of satisfactory
10 compensation.  While Plaintiff contends to have made attempts to preemptively recover the
11 value of the breach of contract claim to avoid litigation, Plaintiff did not indicate making
12 such overtures over the duration of the lawsuit.  However, Defendant's offer to settle is not
13 without fault because it was conditioned on Plaintiff's relinquishment of his right to appeal.
14  Because neither party made adequate efforts to avoid litigation or settle the case, this factor
15 does not weigh in favor of either party.
16     Third, Plaintiff, unlike Defendant, submitted an affidavit attesting to the excessive
17 hardship that he would face if the attorney fees are assessed against him.  Plaintiff is
18 responsible for supporting a family of six, while having to sustain a loss of a vehicle and the
19 litigation expenses to recover funds rightfully owed to him by Defendant.  The amount to
20 which Plaintiff was entitled under the insurance policy would have to be reduced by the
21 Plaintiff's attorney fees. To further reduce this sum to provide relief to a party that is better
22 suited to withstand the financial burden of litigation expenses is improper under the facts of
23 this case.  Therefore, this factor weighs against awarding attorney fees to the Defendant.
24     Fourth, Defendant was not successful in dismissing or defending all of the claims
25 mounted against it.  The jury found in Plaintiff's favor on the breach of contract claim and
26 accordingly awarded damages to the fullest extent of the claim.  Therefore, this factor weighs
27 against awarding attorney fees.
28     Fifth, the claim in this action is based on a breach of contract, an issue that is routinely

1  litigated. Therefore, the issues presented before the Court in this case are not novel and have
2  been previously adjudicated in this jurisdiction. As a result, this factor weighs in favor of
3  awarding attorney fees.

4  Finally, the Court believes that an award of attorney fees would have a detrimental
5  effect on individuals in the future who wish to contest an unsubstantiated denial of their
6  insurance claims. Individuals generally are not well-equipped to challenge the denial of their
7  claims beyond the formal appeal process instituted by their insurers. Those individuals who
8  select to challenge the denial in a court of law have to deal with an uncovered loss of
9  property, as well as initial and potentially all of their attorney fees. To ask such individuals
10 to assume the insurer's legal expenses, after obtaining a plaintiff's verdict, would result in
11 an added burden to an insured's potentially precarious financial situation. Unlike insurers,
12 most individuals in similar situations do not plan for or save money in anticipation of such
13 financial undertaking. Any additional financial burdens that the Court may impose might
14 deter future insured individuals with meritorious claims from coming forward and
15 challenging the insurance companies' denial.

16 After weighing the applicable factors, the Court finds that they tilt against an award
17 of attorney fees. Thus, such an award is not appropriate in this case. Because the Court finds
18 that the prevailing party is not entitled to attorney fees, the Court does not need to reach the
19 issue of the reasonableness of the amount of fees sought.

20  *B.   Award of Costs*

21 Pursuant to A.R.S. § 12-341, "[t]he successful party to a civil action shall recover
22 from his adversary all costs expended or incurred therein." While the court has the discretion
23 to determine the successful party, the court has no discretion in awarding costs once the court
24 establishes the successful party status. *McEvoy v. Aerotek, Inc.*, 34 P.3d 979, 981 (Ariz. Ct.
25 App. 2001); *Roddy v. County of Maricopa*, 911 P.2d 631, 633 (Ariz. Ct. App. 1996). As
26 discussed above, the Court has determined that Defendant is the successful party in this case.
27 Local Rule of Civil Procedure 54.1(a) requires the successful party to file with the
28 Clerk of Court and serve on all parties a bill of costs within fourteen days from the final

1  judgment. Thereafter, a party objecting to any cost item has fourteen days to file with the
2  Clerk and serve an itemized list of such objections. LRCiv 54.1(b). Upon the expiration of
3  the objection period, the Clerk has thirty days to tax the costs. *Id.* The Clerk's taxation of
4  costs is final unless the Court chooses to modify it upon a motion filed by the opposing party
5  within seven days thereafter. *Id.*

6  In this case, the Court entered a final judgment on August 18, 2010. (Doc. 132)
7  Defendant filed a Bill of Costs fourteen days thereafter, on September 1, 2010. (Doc. 136)
8  The Clerk entered a Judgment on Taxation of Costs in favor of Plaintiff on August 27, 2010.
9  (Doc. 134) Defendant objected to the entry of judgment within seven days thereafter, on
10 September 1, 2010. (Doc. 136) The Court has determined that the Clerk's entry of
11 judgment was premature because the issue as to the prevailing party status had not been
12 determined as of the date of a Judgment on Taxation of Costs. Furthermore, the Court has
13 decided, *supra*, that Defendant, instead of Plaintiff, is the successful party to this suit.
14 Therefore, the Court vacates the Judgment on Taxation of Costs. The Clerk therefore shall
15 tax costs in favor of Defendant.

16  Accordingly,

17  **IT IS ORDERED** that both Plaintiff's Motion for Attorney Fees (Doc. 112) and
18 Defendant's Motion for Attorney Fees (Doc. 110) are denied.

19  **IT IS FURTHER ORDERED** that Defendant Country Preferred's Motion to Vacate
20 the Clerk's Order for Costs to Plaintiff (Doc. 137) is granted. The Clerk shall tax costs in
21 favor of Defendant.

22  DATED this 22nd day of October, 2010.

James A. Teilborg
United States District Judge